IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| NATHANIEL MYERS, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | |
| Defendants | : | **COMPLAINT** |

## COMPLAINT

### INTRODUCTION

Plaintiff, Nathaniel Myers ("Plaintiff"), by and through his attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), for unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA"), 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983. Plaintiff seeks damages, including compensatory, liquidated, punitive, attorneys' fees, and all other relief that this Court deems appropriate, and respectfully represents as follows:

### PARTIES

1. Plaintiff, Nathanial Myers, is a citizen of the United States and citizen of the Commonwealth of Pennsylvania.

2. Defendant, SEPTA, is a municipal agency with its office located at 1234 Market Street, Philadelphia, PA 19107, and at all times relevant hereto was Plaintiff's employer.

## JURISDICTION AND VENUE

3. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

4. The District Court has jurisdiction over Count I (Title VII), Count III (Section 1981) and Count IV (Section 1983) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

5. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PHRA) pursuant to 28 U.S.C. §1367.

6. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

7. All conditions precedent to the institution of this suit have been fulfilled. On or about November 17, 2019, Plaintiff properly filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the herein named Defendant, complaining of acts of discrimination and retaliation alleged herein. This Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

8. On or about December 30, 2020 the EEOC issued to Plaintiff a Notice of Right to Sue for his Charge of Discrimination against SEPTA (EEOC Charge No. 530-2019-02632). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Notice of Right to Sue.

9. Plaintiff has properly commenced this action within ninety (90) days of his receipt of the Notice of Right to Sue and has fully complied with all administrative prerequisites for the commencement of this action.

## GENERAL ALLEGATIONS

10. Plaintiff's race is African-American.

11. Plaintiff was hired by SEPTA in or about June 2007 as a Third Class Mechanic.

12. Approximately one year later, in or about 2008, Plaintiff was promoted to the position of Maintenance Manager.

13. Approximately one year thereafter, in or about November 2009, Plaintiff was promoted again, this time to the position of Assistant Director of Bus Maintenance.

14. From in or about May 2013 through in or about August 2013, Plaintiff held the role of Interim Director of Bus Maintenance after the acting Director left his position.

15. Aside from Plaintiff's time as Interim Director, Plaintiff held the role of Assistant Director of Bus Maintenance continuously since on or about November 29, 2009 until his resignation on March 12, 2021.

16. During the course of Plaintiff's employment as an Assistant Director, he was held to different, and higher standards than other Assistant Directors.

17. By way of example, Assistant Director's performance was based in part on their ability to meet Mean Distance Between Failures (hereinafter "MDBF") goals.

18. MDBF is a measurement of efficiency determined by dividing the fleets total odometer miles in a SEPTA fiscal period by the total number of vehicle mechanical breakdowns in the fleet for the same period.

19. Upon information and belief, Plaintiff's MDBF goals were higher than those of similarly situated Caucasian Assistant Directors.

20. Despite these higher MDBF goals, at all times relevant hereto Plaintiff was an excellent employee who performed his job duties in a highly competent manner and consistently met job expectations and received positive performance reviews.

21. During the course of Plaintiff's employment with SEPTA, he was passed over for the position of Director of Bus Maintenance at least five times.

22. Specifically, in or about 2013, Plaintiff applied and interviewed for the full-time Director of Bus Maintenance position but was denied.

23. Plaintiff was thereafter informed that he was not selected for the position, and that the Director position was given to Mike Cevera, a less qualified Caucasian co-worker of Plaintiff who, upon information and belief, had less management experience.

24. In or about 2009, Plaintiff had asked the Chief Officer of Maintenance what he could do to advance within SEPTA and was told that Defendant was looking for candidates with higher education.

25. As a result, Plaintiff returned to college to finish an undergraduate degree in the field of Business Administration and received his bachelor's degree in 2015.

26. Thereafter, Plaintiff attended graduate school and received his Master of Business Administration and Strategic Management and Leadership degree in 2016, graduating with a 4.0 grade point average.

27. In 2016, Plaintiff again applied and was interviewed for an open position as Director of Bus Maintenance.

28. Despite pursuing and receiving advanced education degrees, Plaintiff was again informed that he was not selected for the position, and that the Director position was given to Tom Hoffman, a less-qualified Caucasian co-worker of Plaintiff who, upon information and belief, did not have any higher education or advanced degrees and had less time on location at the bus depots than Plaintiff.

29. In or about 2018, Plaintiff again applied and interviewed for the Director of Bus Maintenance position.

30. In or about March 2019, Plaintiff was again rejected for the position, and the job was given to Dave Clemons, a Caucasian co-worker on the retirement list who, upon information and belief, was less qualified and did not have any higher education or advanced degrees.

31. In or about May of 2019, Plaintiff again applied and later interviewed for an open Director of Bus Maintenance position.

32. Thereafter, Plaintiff was again informed that he had not been selected for the position, as the Director of Bus Maintenance position was given to Phil Tostimino, a Caucasian co-worker who, upon information and belief, was less qualified and did not have any higher education or advanced degrees.

33. Upon information and belief, Mr. Tostimino had just completed a two-year disciplinary period prior to his promotion to the Director of Bus Maintenance position.

34. Plaintiff, however, was not subject to any disciplinary actions during the entirety of his employment with Defendant.

35. During the interview for the Director of Bus Maintenance Position eventually given to Mr. Tostimino, Plaintiff asked his superiors what he needed to do to be promoted and was told that he had enough credentials and was qualified, but that they would decide when they were ready to promote him.

36. In or about April of 2020, an open Director of Bus Maintenance Position was filled by John Polski, a Caucasian co-worker who, upon information and belief, was less qualified than Plaintiff, did not have back shop experience, had less managerial experience, and did not have any higher education or advanced degrees.

37. The position filled by Mr. Polski was never posted or opened up to other applicants, and as a result Plaintiff was never given the opportunity to apply and/or interview for the position, despite the fact that, upon information and belief, Mr. Polski was not the next highest candidate in the pool.

38. As of Plaintiff's resignation on March 12, 2021, only one of the nine Directors of Bus Maintenance was African-American.

39. Upon information and belief, the remaining eight Directors are all Caucasian.

40. Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including its failure to promote him to the position of Director of Bus Maintenance.

41. Defendant failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

42. As a direct result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish and loss of life's pleasures, the full extent of which is not known at this time.

43. Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## STATEMENT OF CLAIM

### COUNT I – TITLE VII – RACE DISCRIMINATION

44. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

45. The acts and conduct of Defendant SEPTA through its respective agents, officers, employees and officials, as stated above where Plaintiff was denied promotions to the position of Director of Bus Maintenance on the basis of his race, are violations of Title VII.

46. Said violations were intentional and warrant the imposition of punitive damages.

47. As a direct result of the aforementioned discriminatory practices of the Defendant in violation of Title VII, Plaintiff has sustained a loss of wages and earnings, loss of benefits, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

48. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

49. No previous application has been made for the relief requested herein.

## COUNT II – PHRA – RACE DISCRIMINATION

50. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

51. The acts and conduct of Defendant SEPTA through its respective agents, officers, employees and officials, as stated above where Plaintiff was denied promotions to the position of Director of Bus Maintenance on the basis of his race, are violations of the PHRA.

52. Said violations were intentional and warrant the imposition of punitive damages.

53. As a direct result of the aforementioned discriminatory practices of the Defendant in violation of the PHRA, Plaintiff has sustained a loss of wages and earnings, loss of benefits, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

54. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the PHRA.

55. No previous application has been made for the relief requested herein.

### COUNT III – SECTION 1981

56. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

57. By committing the foregoing acts of discrimination and retaliation, Defendant has violated Section 1981.

58. Said violations were done with malice and/or reckless indifference.

59. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60. No previous application has been made for the relief requested herein.

### COUNT IV – SECTION 1983

61. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

62. Defendant's discriminatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

63. Defendant's violation of the constitution included policies, practices, and/or customs to treat African-American employees less favorably that white employees, which was committed, directed, implemented, and/or ratified by officials of Defendant in supervisory capacities with policymaking and decision-making authority.

64. As a direct and proximate result of Defendant's act and conduct which caused and continue to cause Plaintiff to be denied equal protection under the law, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorney's fees.

65. The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of Section 1983;

(e) enjoining and permanently restraining the violations alleged herein;

(f) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i) awarding punitive damages to Plaintiff under Title VII;

(j) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, Section 1981, and Section 1983;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury of the claims asserted herein.

SACCHETTA & BALDINO

By: _____
GERALD B. BALDINO, III, ESQUIRE
Attorney I.D. No. 326111
308 East Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
Attorney for Plaintiff